NOT FOR PUBLICATION

## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
## APPELLATE DIVISION

| | |
|---|---|
| LIONEL BARON | ) |
| *Appellant,* | ) D.C. Crim. App. No. 2007-22 |
| | ) |
| | ) Super. Ct. Crim. No. F335/2003 |
| v. | ) |
| | ) |
| PEOPLE OF THE VIRGIN ISLANDS | ) |
| | ) |
| *Appellee.* | ) |
| | ) |

On Appeal from the Superior Court of the Virgin Islands
The Honorable Audrey L. Thomas, presiding

Considered: June 25, 2010
Filed: July 27, 2010

**BEFORE: CURTIS V. GÓMEZ**, Chief Judge of the District Court of the Virgin Islands; **RAYMOND FINCH**, Judge of the District Court of the Virgin Islands; and **PATRICIA D. STEELE**, Judge of the Superior Court of the Virgin Islands, Division of St. Croix, sitting by designation.

ATTORNEYS:

George H. Hodge, Jr., Esq.
St. Thomas, U.S.V.I.
    *For the Appellant,*

Pamela Tepper, AAG
St. Thomas, U.S.V.I.
    *For the Appellee.*

## MEMORANDUM OPINION

**PER CURIAM,**

Appellant Lionel Baron ("Baron") appeals his several convictions in the Superior Court[1] including use of a dangerous weapon during a kidnapping. For the reasons stated below, the Court will affirm Baron's convictions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 6, 2003, at around 5:30 a.m., Nuris Gonzales ("Gonzales") was waiting for a safari bus to take her to work. A red car passed by, stopped, and the driver asked Gonzales where she was going. Gonzales later identified the driver as Baron. Gonzales told Baron where she was going, and he offered her a ride.

Gonzales got into the car, and Baron immediately sped away.

Baron then pulled out a foot-long knife, put it to Gonzales' neck, and demanded her bag. Baron took Gonzales' bag away from her. Gonzales told Baron she only had $3 in her bag, and asked for her documents, which were of great value to her. Gonzales also asked Baron to slow down because he was speeding and she

---

[1] At many times relevant to this appeal, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, the Court employs the terms Superior Court and judge of the Superior Court.

feared for her life. Baron did not slow down, but told Gonzales to get out of the car. Gonzales told Baron he had to stop for her to get out of the car. Finally, Baron slowed down enough that Gonzales was able to hold onto the car door and jump out of the moving vehicle.

Gonzales reported the incident to the police the following day. On August 11, 2003, Gonzales returned to the police station and identified Baron from a photo array.

The People of the Virgin Islands (the "government") charged Baron in an amended information with six counts. Count one charged kidnapping for robbery, in violation of V.I. CODE ANN. tit. 14, § 1052(a). Count two charged use of a dangerous weapon during a kidnapping, in violation of V.I. CODE ANN. tit. 14, §§ 2251(a) and 1052(a). Count three charged first degree assault in violation of V.I. CODE ANN. tit. 14, § 295(3). Count four charged use of a dangerous weapon during the commission of first degree assault, in violation of V.I. CODE ANN. tit. 14, §§ 2251(a) and 295(3). Count five charged first degree robbery, in violation of V.I. CODE ANN. tit. 14, §§ 1861 and 1862(2). Count six charged using a dangerous weapon during the commission of a robbery, in violation of V.I. CODE ANN. tit. 14, §§ 2251(a), 1861, and 1862(2).

Baron was represented in pretrial matters and at trial by

Robert Leycock ("Leycock"), of the Territorial Public Defender's Office. Baron was convicted of all six counts by a jury on October 21, 2004.

Following the guilty verdict, Leycock filed a motion for judgment of acquittal or, in the alternative, a new trial. Baron complained that he was not being adequately represented, and the trial court appointed new counsel. The newly appointed counsel filed a supplemental post trial motion seeking a judgment of acquittal on counts one and two, and a new trial on the remaining counts. The motion argued that Baron had been given ineffective assistance of counsel at trial. The trial court dismissed count one, denied the motion to dismiss count two, and denied Baron a new trial.

On October 26, 2006, Baron filed a motion for reconsideration. The trial court denied that motion. Baron thereafter filed a timely notice of appeal.

On appeal, Baron raises a single issue: (1) whether the Superior Court's refusal to consider his post trial motion based on ineffective assistance of counsel was error.

## II. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to review criminal judgments and orders of the Superior Court in cases in which the defendant has been convicted, and has not entered a guilty plea. *See* V.I. CODE

ANN. tit. 4, § 33 (2006); Revised Organic Act of 1984, 48 U.S.C. § 1613(a) (2006). We review the Superior Court's findings of fact for clear error and afford plenary review to its determinations of law. *Huggins v. Gov't of the V.I.*, 47 V.I. 619, 624 (D.V.I. App. Div. 2005).

Denial of a motion for a new trial based on ineffective assistance of counsel is reviewed for an abuse of discretion. *See United States v. Chorin*, 322 F.3d 274, 282 n. 4 (3d Cir. 2003) ("the District Court did not abuse its discretion in denying Chorin's motion for a new trial on the grounds that his trial counsel was ineffective."). Under that standard, to prevail, Baron must show that the trial court's decision was arbitrary, fanciful, clearly unreasonable, or based on an error of law. *See United States v. Kelly*, 539 F.3d 172, 181 (3d Cir. 2008); *United States v. Jackson*, 443 F.3d 293, 297 (3d Cir. 2006).

### III. ANALYSIS

A. **Motion for New Trial Based on Ineffective Assistance of Counsel**

Baron argues that the trial court erred in denying his motion for a new trial based on ineffective assistance of counsel. He argues that his trial counsel's performance was deficient because counsel (1) failed to research the law, (2) did not inspect evidence before trial, and (3) was ineffective in his

cross examination techniques.

To prevail on an appeal based on ineffective assistance of counsel, a defendant must show both (1) deficiency in performance, and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 700 (1984). "The 'deficiency' step asks whether counsel's conduct 'fell below an objective standard of reasonableness' viewed as of the time it occurred." *United States v. Baird*, 218 F.3d 221, 226 (3d Cir. 2000) (citing *Strickland*, 466 U.S. at 688, 690; *United States v. Gray*, 878 F.2d 702, 711 (3d Cir. 1989)). "The 'prejudice' prerequisite asks whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Baird*, 218 F.3d at 226 (citing *Strickland*, 466 U.S. at 694; *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991)).

It is well settled that "Sixth Amendment ineffective assistance of counsel claims under *Strickland* . . . are generally not entertained on direct appeal." *United States v. McLaughlin*, 386 F.3d 547, 555 (3d Cir. 2004). Further, "rarely, if ever, should an ineffectiveness of counsel claim be decided in a motion for a new trial . . . ." *United States v. Kennedy*, 354 Fed. Appx. 632, 637 (3d Cir. 2009) (unpublished).

These practices stem from the reality that "such claims

frequently involve questions regarding conduct that occurred outside the purview of the [trial] court and therefore can be resolved only after a factual development at an evidentiary hearing." *Id.* In rare cases, the Court may address the claim on direct appeal when the record is sufficient to allow a determination on the issue. *See, e.g., Gov't of the V.I. v. Zepp*, 748 F.2d 125, 133 (3d Cir. 1984) (addressing the appellant's ineffective assistance of counsel claim on direct appeal); *but see Massaro v. United States*, 538 U.S. 500, 507 (2003) (noting that few ineffective assistance of counsel claims "will be capable of resolution on direct appeal").

The record in this matter did not permit the Superior Court to consider the performance of Baron's trial counsel. Specifically, the record was and is inadequate for a review of his counsel's trial preparation, including researching the law and reviewing the government's evidence produced in discovery. The record is also inadequate to decide whether his method of cross examination "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (citation omitted).

Because Baron's ineffective assistance of counsel argument does not "fit[] into that narrow class of ineffectiveness claims amenable to review," *McLaughlin*, 386 F.3d at 556, it was prematurely raised before the Superior Court and was better left

for collateral attack. As such, it was not an abuse of discretion for the Superior Court to deny Baron's motion for a new trial based on ineffective assistance. Accordingly, this Court will affirm the order of the Superior Court denying Baron's motion for a new trial.

## IV. CONCLUSION

For the reasons stated above, the Court will affirm the Superior Court's decision. An appropriate order accompanies this memorandum opinion.